CARAWAY, J.,
dissenting.
hi respectfully do not accept the majority’s characterization of this custody dispute because of all that is missing in the record before this court. The case is depicted as teetering on the edge of a child in need of care proceeding; yet the Office of Community Services/Child Protection agency has not been asked to intervene. Upon the motion of the mentally ill father, the present custody ruling virtually ends the parental rights of the mother in favor of a nonparent who is not a party to this action. The testimony of the nine-day trial which concluded in February 2008 maintained the mother’s parental rights and primary custody of the two daughters, yet that evidence in her favor is not in the appellate record. Mr. Smith is not a felon; he is the custodian of his own children; and he has never been the subject of a child protection agency review. The issue of the mother’s right to marry such person was never directly addressed and prohibited by the prior proceedings, and yet has now become the linchpin for the termination of the parental rights. The mother’s conduct which resulted in her loss of custody was not measured by the trial court under either Civil Code Article 133— “substantial harm” to the children — or the Bergeron test — “so deleterious” to the children. The trial court’s ruling articulated neither standard and was primarily based upon the newly pronounced prohibition upon the mother’s right to marry and the corresponding ex post facto imposition of contempt. Therefore, I am not prepared to end the mother’s parental rights in favor of a nonparty to this action under these circumstances and the record before us.
|2Under La. C.C.P. art. 927, the court may notice on its own the peremptory exception involving the nonjoinder of a party. Had Mr. Fred Oden been made a party and sought custody under La. C.C. art. 133, the custody ruling in his favor might have been properly adjudicated with a specific determination that custody in Denise Oden “would result in substantial harm to the children.” Procedurally and substantively, this did not occur. I would therefore reverse the rulings of the trial court on those procedural and substantive grounds.